1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

| UNITED STATES OF AMERICA, | CASE NO. 2:19-cr-00034-LK |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| AARON BRUNO FINN, | |
| Defendant. | |

16       This matter comes before the Court on Aaron Bruno Finn's Renewed Motion for Early

17   Termination of Supervised Release. Dkt. No. 23. The Government responds that it has "lingering

18   concerns" but "defers to the Court on Finn's request." Dkt. No. 24 at 3. United States Probation

19   opposes the motion. Dkt. No. 25. For the reasons discussed below, Mr. Finn's motion is denied.

20                                    **I.   BACKGROUND**

21       In December 2013, Mr. Finn pleaded guilty to Sexual Exploitation of a Child –

22   Transportation of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). Dkt.

23   No. 2-2. On February 20, 2014, he was sentenced in the District of Alaska to a 72-month term of

24   imprisonment and 15 years of supervised release. Dkt. No. 2-3 at 1–3. Mr. Finn began his term of

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 1

1   supervision on December 24, 2018, which is set to expire on December 23, 2033. Dkt. No. 1. On

2   February 22, 2019, this Court signed a Transfer of Jurisdiction to the Western District of

3   Washington. *Id.*

4        During his time on supervised release, Mr. Finn has remained in close contact with his ex-

5   wife and now 12-year-old son, who live in the Philippines. Dkt. No. 23 at 2. Mr. Finn reports that

6   he and his son speak most days, and Mr. Finn has helped teach his son English using a book of

7   poetry. *Id.* He "continues to support [his son] financially in private school, tutoring, and Tae Kwon

8   Do classes," and works to instill the values of financial independence and hard work in his son. *Id.*

9   at 2–3. Mr. Finn is also in the process of obtaining U.S. citizenship for his son. *Id.* at 3. Mr. Finn's

10  recreational activities include birdwatching with his local Audubon Society, investing in the stock

11  market, and helping his landlord with yardwork. *Id.* Mr. Finn is a trucker by trade and is currently

12  looking for new employment, having recently lost his job at Fidelity Transport. *Id.*

13       Mr. Finn previously filed for early termination of his supervised release on July 13, 2022,

14  which was denied by the Court. Dkt. Nos. 13, 20. The Court commended Mr. Finn for his

15  "prosocial behavior" and "violation-free record," but ultimately denied his request to terminate

16  supervised release due to his "lack of cooperation with his Probation Officer" and concerning

17  attitude in his sex offender treatment program. Dkt. No. 20 at 2. The Court emphasized that "[i]f

18  [Mr. Finn] would like the Court to seriously consider a future request for early termination of

19  supervised release, he will need to adopt a renewed attitude towards supervision and cooperate

20  openly with his Probation Officer." *Id.*

21                                **II.   DISCUSSION**

22       Mr. Finn argues that early termination of supervised release is warranted because his

23  behavior on supervision shows that he "presents no . . . risk of harm" to the public or victim, and

24  "his near consistent employment, his relationship with family and members of his community, and

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 2

his modeled compliance for over four years" demonstrates that he is able to "'lawfully self-manage himself beyond the period of supervision' and that he has 'engaged in proper prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.'" Dkt. No. 23 at 6–7 (quoting Guide to Judiciary Policy, §§ 360.20(c)(4), (6)). Mr. Finn reports that the conditions of his supervision have limited his opportunities for employment, which is one of the reasons he seeks early termination. *Id.* at 3 (explaining that Mr. Finn is a trucker by trade, and travel out of state is "extremely difficult when you need to request permission from U.S. Probation").

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quotation marks and citation omitted). District courts maintain discretion "to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 1047 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). Notably, the Ninth Circuit has clarified that early termination of supervised release is not "reserved for rare cases of exceptionally good behavior." *Id.* (quotation marks and citation omitted).

According to Mr. Finn, "[t]he biggest difference between [the time when he filed his] 2022 Motion and today is the work he has put into himself." Dkt. No. 23 at 3. In particular, he notes that at the time of filing his earlier motion, he "did not fully appreciate the ways in which his crime affected others," nor did he "understand how what he did caused harm to all of those around him— to the victim, to his family, and to his son." *Id.* He expresses a "deep level of remorse" today, and notes that it "has helped to change how he has interacted with his probation officer and reinforced his resolve to never commit a sex crime, or any other crime, again." *Id.*; *see also* Dkt. No. 23-1 at

3. His motion is supported by three letters—two from friends he has made in the past five years and one from his landlord. Dkt No. 23-2. His landlord commends him as "friendly with all" and "logical, trustworthy and dependable." *Id.* at 2. One friend describes Mr. Finn as "dependable, responsible, and courteous," while another notes that he "seems to have put [his past problems] behind him." *Id.* at 3–4.

The Government declines to provide an affirmative recommendation on Mr. Finn's motion, and instead "defers to the Court." Dkt. No. 24 at 3. However, the Government notes that some of the concerns it previously expressed to the Court persist, and takes issue with Mr. Finn "downplay[ing] the role his offense conduct should play in assessing his request[.]" *Id.* at 1–2. It explains that the forthcoming Guidelines amendments include as a relevant factor "whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense[.]" *Id.* at 2 (quoting U.S. Sentencing Commission, Amendments to the Sentencing Guidelines at 54 (April 30, 2025), *available at* https://perma.cc/2VBQ-3HMZ (last visited August 26, 2025)). And the 2018 revisions to the Guide to Judiciary Policy "similarly look to the 'risk of harm to the public or [a] victim,' an inquiry that necessarily involves a person's past conduct." *Id.* (quoting Guide to Judiciary Policy: Post-Conviction Supervision § 360.20(c)(2) (July 2018), *available at* https://www.uscourts.gov/file/78805/download (last visited August 26, 2025)). Noting that the Guide to Judiciary Policy expressly excludes sex offenses from a presumption of early termination after 18 months, the Government emphasizes that the Court should exercise "particular caution in assessing his request" to terminate supervised release because "the harm from even a single instance [of the offense conduct] is catastrophic." *Id.* (citing Guide to Judiciary Policy: Post-Conviction Supervision § 360.20(c)(1) (July 2018)).

Probation opposes the motion. Dkt. No. 25 at 3. It underscores that the "extremely concerning" nature of the offense conduct is the basis for which the Court imposed supervised

1    release, and although "Mr. Finn has made positive adjustments in the last couple of years,"[1] it is

2    "difficult to say he has met the burden of showing he is engaging in prosocial activities and peers

3    if he is still unwilling to disclose aspects of his life with the probation office." *Id.* Mr. Finn's

4    Probation Officer sought the input of two sex offender treatment providers who worked with Mr.

5    Finn; one said he could not accurately weigh in given the passage of time since treatment, and the

6    other did not endorse early termination "due to Mr. Finn's history of a poor attitude and adjustment

7    for a large portion of his supervision." *Id.* at 2.

8         Mr. Finn has made improvements since 2022 while on supervision, and the Court

9    commends him for his progress. Nevertheless, having considered the relevant factors in

10   Section 3553, as required under Section 3583(e), the Court concludes that the interests of justice

11   do not warrant the termination of supervised release at this relatively early juncture (less than half

12   of the way to completing his full term), especially considering that for four of his nearly seven

13   years on supervision, Mr. Finn was hostile to Probation. In light of the nature and circumstances

14   of Mr. Finn's offense and his history and characteristics, additional supervision will help to ensure

15   that the positive strides Mr. Finn has made to date will continue. *See* 18 U.S.C. § 3553(a)(1),

16   (a)(2)(C)–(D). In addition, the Court finds that maintaining Mr. Finn's supervision at this stage

17   will help deter future criminal conduct. *Id.* § 3553(a)(2)(B).

18   //

19   //

20   //

21   //

22
---
23   [1] When Mr. Finn began supervised release in December 2018, "he exhibited a poor attitude and adjustment while in the community." *Id.* at 2. For example, "[h]e would become upset when officers would show up unannounced to his residence and confront them using profanity and verbal expletives when they arrived," and "[w]hen officers tried to
24   ascertain his current employment status, Mr. Finn would tell them he would choose when to disclose any new employment after securing the job rather than discuss the jobs he wanted to apply for." *Id.*

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 5

1

### III.  CONCLUSION

2        For the foregoing reasons, the Court DENIES Mr. Finn's Renewed Motion for Early

3    Termination of Supervised Release. Dkt. No. 23.

4        Dated this 27th day of August, 2025.

5

6                                             Lauren King
                                             United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 6